

# Liberty Bank
### for savings
*Trust & Integrity*
*Since 1898*

April 11, 2011

Mr. and Mrs. James P. Pieczonka
4322 Hammersmith Lane
Glenview, Illinois 60026

RE: Loan No's. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
      Property: 4322 Hammersmith Lane, Glenview
      Revised Forbearance Agreement

Dear Mr. and Mrs. Pieczonka:

This letter constitutes a revised agreement (the "Agreement") between Liberty Bank for Savings (the "Lender") and you (the "Borrowers") under the terms and conditions stated in this letter and represents Liberty's offer of a temporary adjustment to allow you to retain the property in response to your request.

1.   <u>Acknowledgement</u>. Borrowers acknowledge, confirm and agree that Lender has incurred legal fees and other costs in connection with the loans, and those are additional amounts due Lender under the Notes and Mortgages and are secured by the Mortgages.

Borrowers further acknowledge, confirm and agree that the following information is true and correct:

A.   As to the Loans:

<u>First Mortgage</u>

Loan No. ▮▮▮▮▮▮▮▮▮▮
Loan date: December 8, 2006
Original amount of loan: $432,000.00
Term: 30 yr amortization / 15 year balloon
Interest rate: 6.000%
Current contractual principal and Interest payment: $2,509.06

Unpaid principal balance as of April 1, 2011 is $408,420.71
Delinquent interest------------------------------------$ 6,119.29
Escrow Tax Shortage-($1188.25 x 4 mo--------$ 4,753.00
Other fees (appraisal)--------------------------------$   225.00
SUB-TOTAL----------------------------------------------$419,518.00
Less unapplied funds received-------------------$ 1,109.84
REVISED TOTAL CURRENT PRINCIPAL
BALANCE-------------------------------------------------$418,408.16

That the Loan is currently in default under the terms and conditions of the Note and Mortgage.





Equity Line of Credit (HELOC)

Loan No. ▉▉▉▉▉▉▉
Loan date: December 13, 2006
Original Line of credit $288,000.00
Current balance: $287,682.10
Delinquent interest: $3,597.68
Total amount due as of April 10, 2011: $291,279.78.

The loan is currently in default under the terms and conditions of the Equity Line of Credit Agreement and Mortgage.

B.  Borrowers further acknowledge, confirm and agree that the Lender has not waived, presently does not intend to waive, and may never waive any defaults, and nothing contained herein or the transactions contemplated hereby shall be deemed to constitute a waiver.

2.  Forbearance. Lender agrees to forebear from exercising any of the rights and remedies available to it against the Borrowers under the Note and Mortgage, commencing on the date hereof and ending on the first to occur of (a) the date Lender determines Borrowers have satisfied past due amounts described herein, if any (b) the expiration of the Forbearance Period (defined below), or, (c) the occurrence or existence of any new defaults.

An express condition to Lender's continuing agreement not to exercise its rights and remedies during the Forbearance Period is that Borrowers, effective with the May 1, 2011 payment due date for a period of One (1) year ending April 1, 2012 (the "Forbearance Period"), will commence payments pursuant to the following revised terms and conditions:

A.  That the current balance owed for the HELOC Loan as of April 10, 2011 is $291,279.78. Borrowers acknowledge that the HELOC Loan will be closed and a release will be issued releasing document No. 0635249196 and the balance added to the First Mortgage balance of $418,408.16, creating a new principal balance of $709,687.94.

B.  Total monthly payments shall be as follows:

$1,774.22, representing interest only at the rate of 3.000%, calculated on the current new principal balance of $709,687.94 plus escrow of $1,188.25 for a total monthly payment of $2,962.47.



C.  90 days prior to the expiration of the Forbearance Period, Borrowers agree to provide current financial statements for review. Lender will identify the feasibility of and may implement a more permanent forbearance prevention alternative which may include, but not be limited to, extending the Forbearance Period, re-amortizing the principal loan balance over the remaining term, a new term, a combination of these, or none of these.

Lender shall accept the payments under these terms provided Borrowers continue to make payments as provided under this Agreement. In the event Borrowers do not make a payment due Lender, that will be a new default under this Agreement, which will end the Forbearance Period.

3.  **Effect of Bankruptcy.** In the event that Lender has to disgorge any payments received from Borrowers ("Disgorged Payments") as a result of any liquidation, insolvency, debt arrangement, assignment for the benefit of creditors or other proceeding under any bankruptcy or insolvency law instituted by or against Borrowers, the indebtedness of Lender under the Note shall be revived in an amount as if the Disgorged Payment had never been made.

4.  **Reaffirmation of Note and Mortgage.** Borrowers jointly and severally ratify and affirm the Note and Mortgage and agree that they are in full force and effect following the execution and delivery of this Agreement. The Note and Mortgage continue to be the valid and binding obligations of Borrowers, enforceable in accordance with their terms, and Borrowers jointly and severally represent and warrant that they do not have any claims or defenses to the enforcement of the rights and remedies of Lender thereunder. Forbearance under this Agreement shall not be a waiver of any of Lender's rights or remedies under the Notes, the Mortgages or any other loan documents.

5.  **Release.** Borrowers hereby acquit and forever discharge Lender and each and every past and present subsidiary, affiliate, officer, director, agent, servant, employee, representative and attorney of Lender from any and all claims, causes of actions, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, which Borrowers may have or claim to have now or which may hereafter arise out of or be connected with any act or commission or omission of Lender, existing or occurring prior to the date of this Agreement or any instrument executed prior to the date of this Agreement, including without limitation, any claims, liabilities or obligations arising with respect to the indebtedness evidenced by the Note and the Mortgage. The provisions of this paragraph shall be binding upon Borrowers and their respective heirs, executors and administrators, shall inure to the benefit of Lender and its respective successors, assigns and agents and shall survive the termination of this Agreement.

6.  **Miscellaneous.** Nothing in this Agreement is intended to or shall be deemed to have amended the Note or Mortgage which are hereby reaffirmed in all respects. Notwithstanding anything contained herein, the terms of this Agreement are not intended to and do not serve to effect a novation of the Note or Mortgage. The parties hereto expressly do not intend to extinguish the Note or Mortgage. Instead, it is the express intention of the parties hereto to reaffirm the Note and Mortgage.



April 11, 2011
Page Four

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which shall together constitute one and the same documents.

This Agreement contains the entire agreement between the parties with respect to the matters described herein and, as such, supersedes and cancels any prior understandings and agreements with respect to such matter. This Agreement shall not be amended, modified, altered or otherwise changed except in writing, executed by all parties hereto and expressly stating that it is an amendment of this Agreement.

If you accept the above, please acknowledge in the place provided below and return the executed copy to Liberty Bank by April 15, 2011.

LIBERTY BANK FOR SAVINGS

BY: _____
Valentina Barbias, Vice President


ACCEPTED: ____4/14/11____
(Date)

_____
James P. Pieczonka (Borrower)

_____
Lucy Pieczonka (Borrower)

kph/agreements/salado/06-28-10