5IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-08977 |
| | ) | |
| JAMES P. PIECZONKA AND LUCY PIECZONKA, | ) | Chapter 7 |
| | ) | |
| | ) | Honorable Carol A. Doyle |
| Debtors. | ) | |
| | ) | **Hearing Date:** September 18, 2014 |
| | ) | **Hearing Time:** 10:30 a.m. |
| | ) | **Room No.:** 742 |

## COVER SHEET FOR FIRST AND FINAL APPLICATION OF FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES

Name of Applicant:  FrankGecker, LLP

Authorized to Provide
Professional Services to:  Frances F. Gecker, Chapter 7 Trustee of the Estate of JAMES P. PIECZONKA AND LUCY PIECZONKA

Period for Which
Compensation is Sought:  April 27, 2012 through June 15, 2014

Amount of Fees Sought:  $3,002.50

Amount of Expense
Reimbursement Sought:  $ 31.46

This is a:  First and Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{PIECZONK/001/00038918.DOCX/}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-08977 |
| | ) | |
| JAMES P. PIECZONKA AND LUCY PIECZONKA, | ) ) ) | Chapter 7 |
| | ) | Honorable Carol A. Doyle |
| Debtors. | ) ) | |
| | ) | **Hearing Date:** September 18, 2014 |
| | ) | **Hearing Time:** 10:30 a.m. |
| | ) | **Room No.:** 742 |

### NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **September 18, 2014**, at **10:30 a.m.**, we shall appear before the Honorable Carol A. Doyle, or such other judge as may be sitting in her stead, in Courtroom 742 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **First and Final Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of JAMES P. PIECZONKA AND LUCY PIECZONKA, for Compensation and Reimbursement of Expenses**, a copy of which is attached hereto and hereby served upon you.

Dated: August 19, 2014

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of JAMES P. PIECZONKA AND LUCY PIECZONKA

By: /s/ Zane L. Zielinski
One of her attorneys

Zane L. Zielinski (IL ARDC #6278776)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
zzielinski@fgllp.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-08977 |
| | ) | |
| JAMES P. PIECZONKA AND LUCY PIECZONKA, | ) ) | Chapter 7 |
| | ) | Honorable Carol A. Doyle |
| Debtors. | ) | |

### FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF JAMES P. PIECZONKA AND LUCY PIECZONKA FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

FrankGecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee (the "Trustee"), of the estate of JAMES P. PIECZONKA and LUCY PIECZONKA (the "Debtors"), hereby submits this first and final fee application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) seeking compensation totaling $3,002.50 for legal services performed as counsel to the Trustee during the period of April 27, 2012 through and including June 15, 2014 (the "Application Period") and reimbursement of expenses totaling $31.46 incurred in connection with those services. In support of the Application, FrankGecker LLP respectfully represents as follows:

### INTRODUCTION

1. On March 7, 2012 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. Frances Gecker ("Trustee") is the duly appointed and qualified Chapter 7 Trustee.

3.  A meeting of the Debtors' creditors was convened pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting") on April 27, 2012.

4.  The Trustee chose Zane Zielinski and the law firm of FrankGecker LLP ("FG") as her counsel in the Case. On November 29, 2012, this Court entered an order authorizing the Trustee to retain FG as her counsel retroactive to April 27, 2012.

5.  Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

6.  The Debtors listed five vehicles: (i) a 2002 Dodge Durango; (ii) a 1997 Pontiac Bonneville; (iii) a 2003 Mercedes E320; (iv) a 2002 Pontiac Grand Am; and (v) a 1995 Pontiac Formula (collectively, the "Vehicles") on their Schedule B.

7.  FG consulted with an auctioneer regarding the sale of the Vehicles and negotiated a sale of the Debtors' interest in the Vehicles back to the Debtors for $5,000.00.

8.  The Debtors' estate also included a secured receivable in the amount of $5,703.52 owed by Deborah Arneson (the "Receivable").

9.  The Receivable was secured by a second mortgage on certain real estate owned by Ms. Arneson (the "Mortgage").

10. After the Petition Date, Ms. Arneson sold the real estate subject to the Mortgage, and Alliance Title Corporation created an escrow with twenty-thousand dollars ($20,000) of the sale proceeds until the amount due could be resolved (the "Escrow").

11. On August 23, 2012, Ms. Arneson filed bankruptcy in the Northern District of Illinois, Case No. 12-33593.

12. FG negotiated a settlement with Ms. Arneson, netting the estate $3,000 for a release of the Mortgage.

13. This Application seeks allowance of all fees and expenses incurred by FG from April 27, 2012 through and including June 15, 2014. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

## I.   SERVICES PERFORMED

### A.   Administration                                                    $248.00

FrankGecker spent **.70 hours** at a cost of **$248.00** on issues relating to the administration of the bankruptcy case including reviewing and revising motions to employ; and communications with the Trustee's accountant on issues regarding tax return requirements.

### B.   Real Estate Lien                                                   $2,102.00

FG spent **5.80 hours** at a cost of **$2,102.00** during the Application Period on issues relating to preparing, filing and appearing in court on Trustee's motion to approve compromise with Ms. Arneson related to the Mortgage. This required additional time due to delays caused by Ms. Arneson's bankruptcy.

### C.   Sale of Assets                                                    $652.50

FG spent **1.80 hours** at a cost of **$652.50** on issues related to the preparing and filing Trustee's motion to approve sale of Debtors' vehicles.

## II.  ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

Zane L. Zielinski (ZLZ) is an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the

Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

### III. CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from April 27, 2012 through and including June 15, 2014. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtors' estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of **8.30 hours** providing necessary legal services for the Trustee. As a result, they request compensation in the amount of **$3,002.50** for actual, necessary legal services performed (Exhibit A). The average hourly rate is **$361.75**. In addition, FG has expended the sum of **$31.46** for actual necessary expenses incurred in representing the Trustee. FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FG on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed

for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used three categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.  Allowing FrankGecker LLP first compensation for actual, necessary legal services in the amount of $3,002.50;

B.  Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of $31.46; and

C. Authorizing the Trustee to pay FrankGecker LLP interim compensation and expense reimbursement in the total amount of $3,033.96.

Dated: August 19, 2014

Respectfully submitted,

FRANCES GECKER, not individually but as Chapter 7 Trustee of the bankruptcy estate of JAMES P. PIECZONKA and LUCY PIECZONKA

By: /s/ *Zane L. Zielinski*
One of her attorneys

Zane L. Zielinski (IL ARDC #6278776)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
zzielinski@fgllp.com